L. Bishop Austin (SBN 175497)
L. Bishop Austin & Associates
3250 Wilshire Blvd., Ste 1500
Los Angeles, CA 90010
Telephone (213) 388-4939
Facsimile (213) 388-2411
Email: lbishopbk@yahoo.com
Attorney for Debtor((s)/Movant(s)
MARCIAL ALEMAN-REYES AND NATALIA DE JESUS ALEMAN

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| *IN RE* | ) Chapter 13 |
| | ) Case No. 2:10-bk-39108-EC |
| MARCIAL ALEMAN-REYES AND NATALIA DE JESUS ALEMAN | ) |
| Debtors | ) |
| | ) **DEBTORS' COMPLAINT TO** |
| MARCIAL ALEMAN-REYES AND NATALIA DE JESUS ALEMAN | ) **DETERMINE NATURE AND EXTENT** |
| | ) **OF LIENS PURSUANT TO 11 U.S.C.** |
| | ) **§506(a)** |
| Plaintiff(s) | ) |
| v. | ) |
| BANK OF THE WEST, its assignees and/or successors in interests; DOE COMPANY 1-5; DOE CORPORATIONS 1-5; DOES 1-5, inclusive | ) |
| Defendant(s) | ) |

Debtors MARCIAL ALEMAN-REYES AND NATALIA DE JESUS ALEMAN ("Debtor") herein bring this adversary complaint to determine the nature and extent of liens that

appear to be secured by Debtors' residence, but which are completely unsecured, pursuant to 11 U.S.C. §506(a).

## JURISDICTION

1. Debtors filed a Chapter 13 case in the above-entitled court on July 25, 2010. As such, this Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §1334(a), which provides that the District Court shall have original and exclusive jurisdiction of all cases and proceedings under Title 11 28 U.S.C. §157(a), which in turn authorizes the District Courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district. Additionally, General Order No. 266, as amended from time to time, may transfer all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H). Debtor waives a trial by jury.

## STATEMENT OF FACTS

2. Debtors MARCIAL ALEMAN-REYES AND NATALIA DE JESUS ALEMAN ("Debtors" or "Plaintiffs") is the owner of record, or have an equitable ownership in the real property commonly known as 4814, 4816, 4816 ½ Edison Street, Los Angeles, California 90032-1548, RD'S PASADENAS SHORT LINE TRACT SE 50 FT OF LOT 45 AND SE 69 FT ("the subject property").

3. The value of the property, as shown on Debtors' schedules filed under oath is $350,000.00. Defendant BANK OF THE WEST ("Defendant") holds a second lien on the property, which is evidenced by the recorded Deed of Trust, which purports to encumber the subject property.

4. The recorded instrument reflecting Defendant's Lien was recorded on January 5, 2007, in Los Angeles County, California as instrument number 07-0023157

**5.** Debtor attach a true and correct copy of the following documents to support the above facts: Exhibit A: Wells Fargo Bank, N.A., 1ST Deed of Trust with proof of claim filed on 08/31/2010, exhibit B: Bank of the West, "Defendant", 2ND Deed of Trust with proof of claim

Main Document    Page 3 of 6

filed on 08/30/2010, Exhibit C: Appraisal report, and Exhibit D: Chapter 13 Plan .

**COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIEN**

6. Debtors allege that Defendant's purported "lien" is fully unsecured in that the lien having priority over that of Defendant's amount is more than the value of the property at the time of the commencement of the case.

7. 11 U.S.C. §506 reads, in pertinent part as follows:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim.
>
> Such value shall be determined in light of the purpose of the valuation and the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
>
> (b) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such a lien is void"

11 U.S.C. §506.

8. Further, Debtors allege that for the purpose of 11 U.S.C. §506, the appropriate date of valuation is the date of the commencement of this case while the purpose of valuation is to determine if, upon immediate liquidation at the time of the commencement of the case, there would be any equity in the property such that Defendant would be able to recover any money upon its lien.

9. The liens on this property, in order of priority, are as follows:

| Lienholder | Amount Due |
|---|---|
| **FIRST DEED OF TRUST** | $387,446.43 based on proof of |

**DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIEN
PURSUANT TO 11 U.S.C. §506(a)**

| WELLS FARGO BANK, N.A<br>PITE DUNCAN, LLP<br>4375 JUTLAND DR., STE 200, PO BOX 17933<br>SAN DIEGO, CA 92177 | claim filed on 08/31/2010.<br>Exhibit A. |
|---|---|
| **SECOND DEED OF TRUST /DEFENDANT**<br>BANK OF THE WEST<br>1450 TREAT BLVD<br>WALNUT CREEK, CA 94597 | $96,029.14, based on proof of claim filed on 08/30/2010.<br>Exhibit B. |

10. Debtors allege that Defendant's lien is completely unsecured and that pursuant to 11 U.S.C. §1322(b)(2), Debtors Chapter 13 Plan may modify the rights of holders of unsecured and secured claims with one exception, i.e., that a debtor cannot modify a claim that is secured by a security interest in the principal residence of the debtor. Since Defendant's claim herein is not so secured, Defendant's claim may be modified by the Chapter 13 Plan, and therefore treated as an unsecured claim.

11. Upon confirmation of Debtors' Chapter 13 Plan, Defendant shall be required to release the lien and the Order of Confirmation may contain language removing such lien.

12. Bankrupt Code §506(a) is a provision of general applicability in cases under Chapter 7, 11, 12, and 13 of the Code. <u>Matter of Nobleman</u> (1992) 968 F.2d 483, 485. §506(a) bifurcates claims into secured and unsecured components. A claim is secured to the extent of the value of the collateral. Any claim by a creditor above the value of the collateral is treated as an unsecured claim. <u>Matter of Glenn</u> (1986) 796 F.2d 1144, 1147.

13. The interplay between §§1322(b)(2) and 506(a) has previously created controversy. One disputed issue in the courts was whether a debtor can modify the rights of a holder of an under-secured home mortgage. The Supreme Court resolved the issue in <u>Nobleman v. American Savings Bank</u> (1993) 11 S.Ct. 2106. The <u>Nobleman</u> court held that debtors could not modify the bank's rights under its secured claim except that modification applied to both the secured and unsecured components of a secured creditor's claim. The court interpreted "holders of a secured claim" as an initial requirement that a creditor must satisfy to gain protections under

§1322(b)(2). In order o determine whether a creditor is holder of a secured claim, the Supreme Court referred to §506(a).

14. The facts in this Chapter 13 case differ from those of *Nobleman* in that the bank in Nobleman had a partially secured claim whereas Defendant here has no part of its claim as secured.

15. The public policies behind §1322(b)(2) support Plaintiffs' position. The legislative history indicates that Congress intended to distinguish between secured and unsecured claims, rather than between secured and unsecured creditors. In re *Hornes* (1993) 160 B.R. 709, 718. The position urged by Plaintiffs is the law in the 9th Circuit by virtue of the ruling in In re *Lam* 211 B.R. 36.

16. The provisions of 11 U.S.C. §349(b)(1)(C) provides that any lien voided under §506 is reinstated. Since the lien is "reinstated" after having been voided, Plaintiffs herein allege that, upon confirmation of their Chapter 13 Plan, or judgment in this adversary complaint, the lien is to be voided forthwith, and not voided upon completion of the Chapter 13 plan. A different interpretation would make the reference to "reinstated" to be of no legal force or effect.

**PRAYER**

17. WHEREFORE, Plaintiffs pray this Court enter the following orders and make the following findings:

A. That the lien of Defendant, as described above, be determined to be completely unsecured and void, and that said purported lien is not a lien on Debtors' real property as described above;

B. That Defendants be ordered to reconvey any Deed of Trust, to file an appropriate Acknowledgement of Satisfaction of Judgment or Release of Judgment Lien on said property, or otherwise take such steps as are required to clear title, free of said lien, as to the above-described property; and

C. If this Complaint be contested and Plaintiffs prevail, then Plaintiff shall have such attorney fees as this Court may award, provided that the document evidencing

Defendant's purported liens, or any note or obligation which such purported lien is to secure has a provision therein awarding or allowing attorney fees for the enforcement of the purported lien or the enforcement of the obligation the purported lien is to secure.

Dated: September 28, 2010             Respectfully submitted,

                                                /s/ L Bishop Austin
                                          L. Bishop Austin (SBN 175497)
                                          Attorney for Debtor/Plaintiff
                                          MARCIAL ALEMAN-REYES AND NATALIA DE JESUS ALEMAN